NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
BRENDAN T. MOCKLER
Assistant United States Attorney
Chief, Financial Litigation Section
ROBERT I. LESTER
Assistant United States Attorney (CBN 116429)
    Federal Building, Suite 7516
    300 North Los Angeles Street
    Los Angeles, California 90012
    Telephone: (213) 894-2464
    Facsimile:  (213) 894-7819
    E-mail:   robert.lester@usdoj.gov

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>      v.<br><br>ADAM JOINER,<br><br>        Defendant. | No. CR 19-0541-AB-1<br><br>**UNITED STATES OF AMERICA'S NOTICE OF MOTION AND MOTION FOR ORDER FORFEITING BAIL, AND FOR SUMMARY ADJUDICATION OF OBLIGATION WITH RESPECT TO DEFENDANT ADAM JOINER AND HIS SURETIES;**<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES;**<br><br>[Proposed] **ORDER & JUDGMENT.**<br><br>DATE:   March 13, 2020<br>TIME:   1:30 p.m.<br>CTRM:  Hon. André Birotte Jr.<br>          350 W. First St., Courtroom<br>          7B, Los Angeles, CA 90012 |

**UNITED STATES OF AMERICA'S NOTICE OF MOTION AND MOTION FOR ORDER FORFEITING BAIL, AND FOR SUMMARY ADJUDICATION OF OBLIGATION WITH RESPECT TO DEFENDANT ADAM JOINER AND SURETIES**

TO DEFENDANT ADAM JOINER AND SURETIES JAMES S. JOINER AND KATHLEEN ANN JOINER:

PLEASE TAKE NOTICE that on March 13, 2020 at 1:30 p.m., or as soon thereafter as counsel may be heard, in the Courtroom of the Honorable André Birotte Jr., United States District Judge, located at the United States Courthouse, 350 W. 1st Street, Los Angeles, CA, Courtroom 7B, plaintiff United States will move for an order forfeiting bail with respect to defendant Adam Joiner and for summary adjudication of obligation with respect to Defendant and his sureties, James S. Joiner and Kathleen Ann Joiner, pursuant to Fed. R. Crim. P. 46(f)(1) and (3) and Local Crim. Rule 46-6.

The United States of America's motion is made on the grounds that Defendant, who had been released on bail from pretrial detention, violated a condition of his bond, by committing at least one new federal crime, as to which he has already pleaded guilty.

///

///

This motion is based on this notice of motion, the motion and memorandum of points and authorities, and upon such arguments as the Court may allow at the time of the hearing.

DATED: February 4, 2019.    Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
BRENDAN T. MOCKLER
Assistant United States Attorney
Chief, Financial Litigation Section

 /s/ *Robert I. Lester*
ROBERT I. LESTER
Assistant United States Attorney

Attorneys for Plaintiff
United States of America

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In 2019, the Court released defendant Adam Joiner on $350,000 bail from pretrial detention, on the condition that he provide Affidavits of Surety in the same amount, secured by real property owned by sureties. James S. Joiner and Kathleen Ann Joiner (Sureties) signed the Affidavit of Surety. Some months later, the United States charged Defendant with violating a condition of his pretrial bond -- by committing at least one *new* federal crime while on pretrial release. Defendant has already pleaded guilty to this new charge, and the Court has accepted his plea. Defendant's violation of a condition of his pretrial bond having been conceded, the United States hereby moves for an order forfeiting the bail for Defendant and requests the entry of a default judgment against Defendant and Surety pursuant to Fed. R. Crim. P. 46(f)(1) and (3) and Local Crim. Rule 46-6.

## II. BACKGROUND OF DEFENDANT'S TWO CRIMINAL CASES PENDING BEFORE THIS COURT

### A. Criminal Charges Filed Against Defendant in CR 19-0541-AB

On August 13, 2019, the United States filed a Complaint against Defendant, charging him with committing Wire Fraud (in violation of 18 U.S.C. § 1343), Engaging in Monetary Transactions in Property Derived from Specified Unlawful Activity (in violation of 18 U.S.C. § 1957); and Aggravated Identity Theft (in violation of 18 U.S.C. § 1028A). (Dkt. 1.) That case is CR 19-0541-AB. On August 27, 2019, the Court ordered Defendant released on $350,000 bail, subject to the filing of an Affidavit of Surety by "Jim Joiner" in the same amount (to be secured by real property owned by Jim Joiner). (Dkt. 7, 18.)[1] That same

---

[1] Specifically, on August 27, 2019, the Court authorized "Jim Joiner" to sign an unsecured Affidavit of Surety, to be replaced by an Affidavit of Surety that is secured by his real property -- to be filed by September 11, 2019. (Dkt. 7, 18.)

day, James S. Joiner signed the Affidavit of Surety, and Defendant filed it. (Dkt. 13.)

On or about September 4, 2019, Affidavits of Surety were signed by James S. Joiner and Kathleen Ann Joiner," respectively, who are identified as Defendant's parents. (Dkt. 20, 22.) Defendant filed the Affidavits of Surety on September 10, 2019. (Id.) This time, Sureties' real property, located in La Quinta, California, was listed in these Affidavits of Surety. (Id.) On September 11, 2019, a Short Form Deed of Trust naming the Clerk of the Court as beneficiary was filed on Sureties' real property. (Dkt. 19.)

On September 16, 2019, the United States filed an Information against Defendant, on substantially the same charges as alleged in the Complaint. (Dkt. 24.) That same day, the United States filed a Plea Agreement. (Dkt. 26.) On October 18, 2019, the Court accepted Defendant's guilty plea as to Count 1, Wire Fraud, in violation of 18 U.S.C. § 1343. (Dkt. 33.)

**B.      Criminal Charges Filing Against Defendant of CR 19-0744-AB**

On November 12, 2019, the United States filed a new Complaint against Defendant, charging him with Concealment of Money Laundering, in violation of 18 U.S.C. § 1956(a)(1)(B)(i). (Dkt. 1.) That second case is CR 19-0744-AB. The Complaint in CR 19-0744 alleged, among other things, that Defendant committed *new* criminal acts while on pretrial release with respect to CR 19-0541. (Id. at 2.)[2] Correspondingly, on November 20, 2019, the United States filed, in CR 19-0541, a Notice of Breach of Plea Agreement and Request for Finding of

---

[2] On November 19, 2019, in CR 19-0744, the Court ordered Defendant permanently detained. (Dkt. 13, 14.)

Breach, again asserting that while on pretrial release in CR 19-0541, Defendant committed at least one new federal crime. (Dkt. 34.)[3]

In early December, 2019, the United States filed a Superseding Plea Agreement, which covers both cases. (CR 19-0541, Dkt. 40; CR 19-0744, Dkt. 19.) On December 10, 2019, the United States filed an Information in CR 19-0744. (Dkt. 17.) On December 23, 2019, the Court accepted Defendant's plea of guilty to Count 1 of the Information in CR 19-0744, Wire Fraud and Penalty for an Offense Committed While on Release. (Dkt. 28.)

Sentencing in both cases is scheduled for May 15, 2020. (CR 19-0541, Dkt. 41; CR 19-0744, Dkt. 28.)

### C. Defendant and Sureties Acknowledged at the Outset, in Writing, That They May Be Liable To the United States if Defendant Were to Violate a Condition of His Bail

In CR 19-0541, by accepting the conditions of his release, Defendant agreed that he would, among other things, "not commit a federal, state, or local crime during the period of release." (Dkt. 18, at 3.) Moreover, Defendant acknowledged that if a bond forfeiture is ordered and the forfeiture is not set aside,

---

[3] Specifically, according to the United States:

> After scamming two Asian investment firms out of $14 million, defendant ADAM JOINER ("defendant") was arrested on a complaint, signed a plea agreement, and pleaded guilty to one count of wire fraud. After signing the plea agreement, defendant committed new crimes by fraudulently removing liens placed by his victims on his house and selling it. For these actions, defendant was arrested on a new complaint charging him with money laundering.
>
> Because defendant has committed new offenses, he has violated the terms of his plea agreement.

(Dkt. 34, at 3 of 6.)

|   |   |
|---|---|
| 1 | judgment may be summarily entered in this Court against me |
| 2 | and each surety, jointly and severally, for the bond amount, |
| 3 | together with interest and costs.  Execution of the judgment |
| 4 | may be issued or payment secured as provided by the Federal |
| 5 | Rules of Criminal Procedure and other laws of the United |
| 6 | States, and any cash or real or personal property or the |
| 7 | collateral previously posted in connection with this bond |
| 8 | may be forfeited. |

(Id. at 4 [emphasis deleted].)

   Correspondingly, on or about August 27, 2019, in agreeing to accept the responsibility of surety for Defendant's release, surety James S. Joiner executed the initial Affidavit of Surety, which states:

> . . . I agree to be bound as a condition of this bond by the provisions of Local Criminal Rule 46-6 . . . and further acknowledge and agree that I and my personal representatives are bound as a condition of this bond, jointly and severally with the defendant and other sureties, to pay to the United States of America the sum of $350,000, in the event that the bond is forfeited

(Dkt. 13.)  On September 4, 2019, both of Defendant's parents signed Affidavits of Surety, this time secured by their real property in La Quinta.  (Dkt. 20, 22.)  In each Affidavit of Surety, the surety states that:

> That I(we) am (are) worth the amount specified in the bond, to wit: $350,000.00, over and above my (our) just debts and liabilities and exclusive of property exempt from execution.
>
> I (We) further state that I (we) understand the provisions of the bond of the defendant named above for which this affidavit supports and I (we) acknowledge and agree that I (we)

>and my (our) personal representatives are bound, jointly and severally with the defendant and any other sureties, to pay to the United States of America the bond amount specified in the event the bond is forfeited.

(Id.)

### III. THE COURT SHOULD ISSUE AN ORDER FORFEITING BAIL AND A JUDGMENT ON THE BAIL FORFEITURE OBLIGATION IN CR 19-0541 AGAINST DEFENDANT AND HIS SURETIES

#### A. Bond Forfeiture is Mandatory if a Condition of the Bond has Been Breached

"The law on bail forfeiture is neither complex nor voluminous." United States v. Nguyen, 279 F.3d 1112, 1115 (9th Cir. 2002). The Court "must declare the bail forfeited if a condition of the bond is breached." Fed. R. Crim. P. 46(f)(1). In such a case, forfeiture is mandatory. Nguyen, 279 F.3d at 1115 (citing United States v. Abernathy, 757 F.2d 1012, 1015 (9th Cir. 1985)).

"A bail bond is a contract between the government and the defendant and his surety, the forfeiture of which results in the surety becoming the government's debtor. United States v. Plechner, 577 F.2d 596, 598 (9th Cir. 1978). The Court may hold the defendant personally liable for the bond amount, jointly and severally with the surety. United States v. Vaccaro, 51 F.3d 189, 193 (9th Cir. 1995). "The language of the bond contract is strictly construed in accordance with the terms contained therein." United States v. Lujan, 589 F.2d 436, 438 (9th Cir. 1978) (citation omitted).

Upon default by the defendant, "the Court, upon ten (10) days notice, may render a judgment summarily in accordance with the obligation undertaken and issue a writ of execution upon such judgment." Local Criminal Rule 46-6.[4]

Bail bond forfeiture is appropriate for violations of other conditions of release as well as failure to appear in court. Vaccaro, 51 F.3d at 192–93 (rejecting defendant's argument that bond forfeiture should be limited to breach of nonappearance). Thus, the Court may forfeit a bail bond when the defendant commits another crime while on pretrial release for the initial criminal charges. See, e.g., United States v. Gigante, 85 F.3d 83, 85 (2d Cir. 1996) (per curiam).

### B. The Court Should Order That Bail be Forfeited and a Judgment on the Bail Forfeiture Obligation be Entered Against Defendant and Surety

As set forth above, Defendant violated a condition of his bail issued in CR 19-0541 by committing at least one new federal crime, to which he has already pleaded guilty. Accordingly, the Court should issue an order forfeiting the bail that was posted, pursuant to Fed. R. Crim. P. 46(f)(1). Additionally, this Court should issue a judgment on the bail forfeiture obligation against Defendant and Sureties, pursuant to Local Criminal Rule 46-6.

---

[4] That local rule also provides the procedure for obtaining such a judgment: "An indemnitee or party in interest seeking a judgment on a bond or undertaking shall proceed by Motion for Summary Adjudication of Obligation and Execution." Id. However, by referring in that local rule to a "motion for summary adjudication," the Court did not intend to make the Fed. R. Civ. P. 56 requirements of a separate statement of uncontroverted facts and conclusions of law apply. Hyatt Franchising, LLC v. Shen Zhen New World I, LLC, CV 17-5078-VAP(AS), 2018 WL 6431871, at *3 (C.D. Cal. Feb. 2, 2018); United States v. Dobadzhyan, CR 12-0446-BRO, 2016 WL 9115463, at *5 n.5 (C.D. Cal. Aug. 29, 2016), aff'd on other grounds, 708 Fed.Appx. 915 (9th Cir. Dec. 14, 2017).

Finally, the United States requests that the Court direct the Clerk to serve Sureties with the Government's bond forfeiture papers, and with the judgment (if the Government's motion is granted). This request is based on the Federal Rule 46 requirement that when the Government moves to enforce a surety's liability, the Government "must serve any motion, and notice as the court prescribes, on the district court. If so served, the clerk must promptly mail a copy to the surety at its last known address." Fed. R. Crim. P. 46(f)(3)(C).

## IV. CONCLUSION

For the foregoing reasons, the United States requests that this Court issue an order forfeiting bail and enter a judgment on the bond forfeiture obligation against Defendant and Sureties, in the forms submitted with this Motion.

DATED: February 4, 2020.          Respectfully submitted,

NICOLA T. HANNA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division
BRENDAN T. MOCKLER
Assistant United States Attorney
Chief, Financial Litigation Section

 /s/ *Robert I. Lester*
ROBERT I. LESTER
Assistant United States Attorney

Attorneys for Plaintiff
United States of America